Stanley **MITNIK** and Barbara Mitnik, trustees on behalf of Bonnell Dress Company Pension Fund and Bonnell Manufacturing Company Inc. Pension Fund

v.

Joseph F. **CANNON**, Retirement Plan Consultants, Ltd. and Frederic A. Shapiro.

Civ. A. No. 91–6440.

United States District Court, E.D. Pennsylvania.

April 16, 1992.

Lynda G. Searles, Sheller, Ludwig & Badey, Philadelphia, Pa., for plaintiffs.

Jack A. Meyerson, Philadelphia, Pa., for defendants.

## MEMORANDUM

BARTLE, District Judge.

Plaintiffs have filed a motion for reconsideration of the Court's February 21, 1992 Order granting the defendants' motion for summary judgment as to Counts I and II and dismissing Counts III through VII of the Complaint, 784 F.Supp. 1190.[1]

Plaintiffs contend that the Court erred in granting summary judgment before defendants had filed an Answer to the Complaint and prior to the conducting of discovery. According to plaintiffs, the Court did not have all the facts before it and, therefore, was in no position to grant a motion for summary judgment.

■ Rule 56(a) of the Federal Rules of Civil Procedure provides that a plaintiff may file a motion for summary judgment "after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party...." A defendant, under Rule 56(b), may file such a motion "at any time." Thus, Rule 56 contemplates the filing of motions for summary judgment at a very early stage in the proceedings. In this instance, the Court had before it, when considering defendants' motion for summary judgment, an uncontradicted supporting affidavit from the defendants. In contrast, plaintiffs, in an attempt to defeat the motion, relied solely on unsworn statements and allegations in their Complaint. Such statements and allegations are not sufficient, of course, to raise a genuine issue of material fact so as to require the Court to deny the motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

■ Plaintiffs argue lamely that "the proper course would have been [for the Court] to direct the plaintiffs to submit an affidavit of opposition, and to conduct discovery to elicit additional facts in support of their claims." Plaintiffs belatedly seek to have the Court "hold its decision in abeyance, to permit discovery to be conducted and allow the presentation of additional relevant facts to the Court prior to the entry of a final decision."

It is not the function of the Court to divine whether or not a plaintiff, especially one represented by counsel, needs discovery or additional time in order to meet a defendant's motion for summary judgment. If plaintiffs here could not have responded adequately without additional discovery, they should have filed the appropriate affidavit as mandated under Rule 56(f) of the Federal Rules of Civil Procedure. That rule provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Even now, in connection with their motion for reconsideration, plaintiffs have still not filed a Rule 56(f) affidavit. Since plaintiffs have not filed the required affidavit, their request for reconsideration of the Court's Order granting defendants' motion for summary judgment so that they may take discovery will be denied. *See, Lunder-*

---

1. The Order was entered on the Court's docket on February 24, 1992.

*stadt v. Colafella,* 885 F.2d 66, 70–72 (3d Cir.1989).

Plaintiffs other arguments for reconsideration are likewise without merit.

The motion for reconsideration will be denied.